CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiffs*
13 East Carver Street
Huntington, New York 11743
(631) 271-6595 phone
(631) 351-0196 fax
CHRISTOPHER J. CASSAR (CC9520)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHRISTOPHER MCADAM,

                      Plaintiff,

           -against-

SUFFOLK COUNTY POLICE DEPARTMENT,
COUNTY OF SUFFOLK, and
TIMOTHY D. SINI, (in his official and individual
capacities),

                    Defendants.
-------------------------------------------------------------X

Docket No.:

## VERIFIED COMPLAINT

*Jury Trial Demanded*

        Plaintiff by their attorneys, **CHRISTOPHER J. CASSAR, P.C.**, as and for their complaint against Defendants, respectfully allege as follows:

## INTRODUCTION

    1.    This is a civil action based upon defendants' violations of 42 U.S.C. § 1983 to redress defendants' deprivation of the rights, privileges and immunities secured by plaintiff by the First and Fifth Amendments to the Constitution of the

1

United States; all related provisions of the New York State Constitution; New York Civil Service Law § 75, et seq.; and any other cause of action which can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections §1331[Federal Question]. 28 USC §1331 provides that, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3.    The jurisdiction of this court is invoked under the provisions of Title 28 of the United States Code, §1343 [Civil Rights]. 28 USC §1343 provides that:

> **(a)** The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> **(1)** To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
> **(2)** To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
> **(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

2

4.     The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state law causes of action arising under the New York Civil Service Law.

5.     Venue is proper pursuant to 28 U.S.C. § 1391 before this district because it is where the Plaintiff, **CHRISTOPHER MCADAM**, resides.

6.     This proceeding is a civil action under 42 UCS § 1983.   Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## PARTIES

7.     At all relevant times, plaintiff Christopher McAdam ("McAdam") was and is a resident of the County of Suffolk, State of New York.

8.     Defendant, Suffolk County Police Department ("SCPD"), at all times hereinafter mentioned, was and still is an agency of the State of New York and is a public employer with a principal place of business at 30 Yaphank Avenue, Yaphank, New York.

3

9.      Defendant, Timothy D. Sini ("Sini"), at all times hereinafter mentioned, was and still is the Police Commissioner of the County of Suffolk.

10.     Defendant, County of Suffolk ("Suffolk"), at all times hereinafter mentioned, was and still is a municipal corporation of the State of New York, with its principal place of business at 888 Veterans Memorial Avenue, Hauppauge, New York.

## FACTUAL BACKGROUND

11.     In June 2011, Plaintiff McAdam sat for an open competitive written examination for the position of police officer with the Suffolk County Police Department. Subsequent to receiving a passing grade on said competitive written examination, McAdam became an eligible candidate to become appointed as a Suffolk County police officer.

12.     In July 2015, Plaintiff McAdam entered the Suffolk County Police Academy. The Plaintiff was thereinafter directed to appear to take a physical fitness screening test as part of his training.

13.     Plaintiff McAdam did appear for a physical fitness screening test at the Suffolk County Police Academy on July 18, 2015. McAdam underwent an examination which consisted of a three-part timed examination requiring sit-ups, push-ups and a 1.5 mile run. McAdam was advised by his evaluator that he did not

4

pass the sit-up portion of the exam, but that he would be permitted to retake the physical examination at a subsequent time.

14.   McAdam was then scheduled for an additional physical fitness examination on August 1, 2015. McAdam was permitted to adjourn the August 1 examination to August 26, 2015 by providing a physician's note to his superior officers. McAdam was informed that Suffolk County Police Academy procedure permitted a short adjournment of the physical fitness examination if a physician's note is provided, as occurred in Mr. McAdam's case.

15.   On August 26, 2015, McAdam participated in an additional physical fitness examination facilitated by Lieutenant Sweeney and Police Officer Santarpia of the Suffolk County Police Department. At the instruction of his superior officers, McAdam was directed to complete the physical examination out of sequence from the standard order of sit-ups, push-ups and a 1.5 mile run.

16.   On August 27, 2015, McAdam was informed that the physical examination results from August 26, 2015 were deemed void because the examination was not administered in the sequence of push-ups, followed by sit-ups, followed by a 1.5 run. McAdam was advised that he would be required to take the physical examination yet another time.

5

17.     On August 28, 2015, the physical screening examination was again administered to McAdam, at which time the Plaintiff received a passing score on said physical examination.

18.     McAdam thereafter proceeded as a recruit appointed to Class #15-166 at the Suffolk County Police Academy (hereinafter "the Academy"). McAdam's training included a six-month period of physical conditioning, classroom instruction and tactical training as required for all members of the Academy.

19.     McAdam successfully completed all required training and instruction as a member of the Academy. Specifically, McAdam was given a graduation date from the Academy for on or about April 1, 2016. McAdam' was to begin his assigned post immediately following his Academy graduation date.

20.     During his training at the Academy, McAdam was temporarily discharged from the Academy without a notice or hearing on or about November 20, 2015. McAdam was advised that he was terminated based on alleged impropriety of allowing him to complete the August 28, 2015 physical examination.

21.     McAdam, by counsel, then filed an Order to Show Cause in the Supreme Court of the State of New York, County of Suffolk under Index Number 20393/2015 seeking the relief of a Temporary Restraining Order permitting McAdam to continue his training at the Academy.

22.     On November 23, 2015, Justice Bivona of the Supreme Court of the State of New York, Suffolk County granted the Temporary Restraining Order permitting McAdam to continue his training and instruction at the Academy. Such Order was granted pending the determination of an Article 78 application based on the arbitrary and capricious dismissal of McAdam from the Academy.

23.     Thereafter, McAdam completed his training at the Academy, but was permanently dismissed from his employment position approximately two days before his graduation date.

24.     McAdam was <u>not afforded notice or an opportunity to participate in a hearing</u> prior to his arbitrary termination from state employment. In fact, McAdam was <u>not afforded any procedural due process</u> whatsoever prior to his termination as a Suffolk County police officer.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Federal Due Process**

25.     Plaintiff repeats, reiterates and realleges each and every allegation as set forth above with the same force and effect as if same were more fully set forth hereafter.

26.     By reason of the aforementioned actions and practices of the Defendants herein, Defendants have intentionally abridged and violated Plaintiff's federally protected constitutional rights secured by the Fifth and Fourteenth

Amendments to the Constitution of the United States, as well as 42 U.S.C. 1983, including, but not limited to, his right to Due Process under the law.

27.     The Plaintiff's termination from municipal employment as a police officer, without cause, without notice,r and without a hearing constitutes a violation of his right to procedural due process.

## AS AND FOR A SECOND CAUSE OF ACTION
### State Due Process

28.     Plaintiff repeats, reiterates and realleges each and every allegation as set forth above with the same force and effect as if same were more fully set forth hereafter.

29.     By reason of the aforementioned actions and practices of the Defendants herein, Defendants have intentionally abridged and violated Plaintiff's right to due process under the Constitution of New York State and pursuant to New York State Civil Service Law § 75.

30.     Defendants acted in bad faith in terminating the Plaintiff from his state employment. Defendants had no cause to terminate the Plaintiff from his position of public employment.

31.     Defendants acted in a manner which was arbitrary and capricious, showing no rational basis for Plaintiff's termination from employment.

32.     Plaintiff was afforded no due process whatsoever when terminated from his employment position. Specifically, the Plaintiff was given no notice, explanation, nor opportunity to a hearing to defend his continued expectation of state employment.

## AS AND FOR A THIRD CAUSE OF ACTION
### Defamation

33.     Plaintiff repeats, reiterates and realleges each and every allegation as set forth above with the same force and effect as if same were more fully set forth hereafter.

34.     In violation of New York State law, Defendants, individually and severally, did engage in a course of conduct to harass, ridicule, slander, libel and impugn the character of the plaintiff.

35.     The acts giving rise to defamation against the Plaintiff derive from the same nucleus of operative facts which deprived the Plaintiff of his due process rights.

36.     Defendants' actions have directly affected the Plaintiff's profession, trade or business by imputing misconduct, incapacity, unfitness and the absence of necessary qualification to him.

**WHEREFORE,** by reason of the Defendants' improper actions against the Plaintiff, Plaintiff has suffered a loss of earnings and benefits, future earning and benefits, loss of meaningful employment foregone by the Plaintiff with the expectation that he would be have continued employment with the Suffolk County Police Department, great pain, mental anguish and damage to reputation. Plaintiff is this entitled to all forms of compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure Plaintiffs herein demand a trial by jury of all issues in this action

Dated:      Huntington, New York
            November 1, 2016

Respectfully submitted,

CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiff*

CHRISTOPHER J. CASSAR
13 East Carver Street
Huntington, New York 11743
(631) 271-6596

## **CERTIFICATION**

STATE OF NEW YORK       )
                               ) ss.:
COUNTY OF SUFFOLK      )

CHRISTOPHER MCADAM, being duly sworn, deposes and says:

I am the Plaintiff in the within action; I have read the forgoing complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

Dated:      Huntington, New York
             November 1, 2016

_____
CHRISTOPHER MCADAM


Sworn to before me on this
_____ day of November 2016.

_____
Notary Public

ALEXANDRA ROSE BRUNSWICK
Notary Public, State of New York
No. 01BR6301633
Qualified in Suffolk County
Commission Expires April 21, 2018

11

ALEXANDRA ROSE BRUNSWICK
Notary Public, State of New York
No. 01BR6361053
Qualified in Suffolk County
Commission Expires April 21, 2018

Docket No.:                                           Year 2016

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**CHRISTOPHER MCADAM,**                              **Docket No.:**

                    Plaintiff,

          -against-

**SUFFOLK COUNTY POLICE DEPARTMENT,**
**COUNTY OF SUFFOLK, and**
**TIMOTHY D. SINI, (in his official and individual**
**capacities),**

                    Defendants.

# VERIFIED COMPLAINT

*The Law Offices of*
**CHRISTOPHER J. CASSAR, P.C.**
*Attorneys for the Plaintiffs*
**Office and Post Office Address, Telephone**
**13 EAST CARVER STREET**
**HUNTINGTON, NEW YORK 11743**
**(631) 271-6596**

**TO:**